# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF MASSACHUSETTS

**SUFFOLK, SS**

**DOCKET NO.**

04  10100 GAO

RECEIVED

JAN - 8 2004

MAGISTRATE JUDGE Collings

SCANNED

DATE: 1/16/04

BY: FDM

| | |
|---|---|
| **LANCE 3X HULLUM and,** | ) |
| **BISHOP FAYE HULLUM** | ) |
|     **Plaintiff,** | ) |
|     v. | ) |
| **MICHAEL T. MALONEY, Commissioner** | ) |
| **Of Department of Corrections, in his** | ) |
| **Official and Individual Capacity** | ) |
| | ) |
| **KATHLEEN DENNEHY, Deputy** | ) |
| **Commissioner of Department of** | ) |
| **Corrections, in her official and Individual** | ) |
| **Capacity** | ) |
| | ) |
| **PETER ALLEN, Superintendent, M.C.I.** | ) |
| **Cedar Junction, in his Official and** | ) |
| **Individual Capacity** | ) |
| | ) |
| **JOHN LUONGO, JR., Deputy Superintendent** | ) |
| **M.C.I. Cedar Junction, in his Official and** | ) |
| **Individual Capacity** | ) |
| | ) |
| **STEVEN SILVA, Director of Security, M.C.I.** | ) |
| **Cedar Junction, in his Official and Individual** | ) |
| **Capacity** | ) |
| | ) |
| **EDWARD DOOLIN, Captain of Unit Team,** | ) |
| **M.C.I. Cedar Junction, in his Official and** | ) |
| **Individual Capacity,** | ) |
|     **Defendants** | ) |

## COMPLAINT:

Plaintiff, Faye Hullum, brings this complaint against Defendants in their official and individual capacities pursuant to 42 U.S.C.A. section 1983, 42 U.S.C.A. Section 1997 E(A) after exhaustion of remedies in Grievance No. 1954, for imminent danger of serious physical injury to Plaintiff's son and mental anguish to Plaintiff.

## PARTIES INVOLVED:

Plaintiffs/Claimants are both United States residents. Faye Hullum is an adult resident of Massachusetts and resides at 498 Norfolk Street, Mattapan, Mass 02126.

Claimant Lance Hullum, is an adult resident of M.C.I. Cedar Junction, P.O. Box 100, South Walpole, Mass. 02071, by way of incarceration.

Michael T. Maloney, Commissioner of the Department of Corrections, 50 Maple Street, Milford, Mass. 01757.

Kathleen Dennehy, Deputy Commissioner of the Department of Corrections, 50 Maple Street, Milford, Mass. 01757.

Peter Allen, Superintendent of M.C.I. Cedar Junction, P.O. Box 100, South Walpole, Mass. 02071.

John Luongo, Jr., Deputy Superintendent, M.C.I. Cedar Junction, P.O. Box 100, South Walpole, Mass. 02071.

Steven Silva, Director of security, M.C.I. Cedar Junction, P.O. Box 100, South Walpole, Mass. 02071.

Edward Doolin, Captain of Unit Team, M.C.I. Cedar Junctions, P.O. Box 100, South Walpole, Mass. 02071.

## STATEMENT OF FACTS:

1. Claimant's complaint is a merger to her son's complaint and adds additional grounds on consitutional violations for compensable relief.
2. Defendants' have caused me deep grief, distress, anxiety, fright by being deliberant, indifferent to my son's safety, health, property, transfer when the defendants placed him (my son) in segregation on November 4, 2003, in which he remained over the holidays with his (my son's) Lupus illness is exacerbating.
3. Claimant's mental pain is a direct result of defendants' reckless disregard actions or inaction destitute of heed or concern for the exacerbating consequences of my son's Lupus illness while he (my son) is in segregation.
4. Defendants are discriminating against my son by transferring white inmates to other prisons despite the fact that they (the other prisoners) have picked up D reports and have propensity for violence. Whether my son is good or bad, they (the Defendants) treat him the same with an evil eye.

5.  My son has informed me that inmates who came out of department Disciplinary Unit prior and after him (my son) were transferred to other prisons, all were similarly situated to my son but treated differently.

6.  Defendants are inflicting wanton and unnecessary subjection of pain upon my son by harassment and unequal treatment and delaying in transferring to another prison for ten block or release him (my son) to the prison population so he (my son) can become active and work out which would help his health.

7.  Defendants' actions or inactions violates claimant's eighth amendment right of the United States Constitution by these (the defendant's) delay in moving my son from segregation confinement, a place they know or should have known based on the Lupus test results exacerbates my son's illness.

8.  Commissioner Maloney, chief administrator is responsible for the care and custody of my son and supervisor, director of all department of corrections employees as a result he is directly responsible and involved in the deliberant indifference upon my son.

9.  Claimant has attempted to resolve the issues by speaking to Kathleen Dennehy, Peter Allen, John Luongo, Steven Silva, Edward Doolin by requesting that my son be released from ten block immediately or transferred immediately and to give him, (my son) his T.V. and radio to try and relieve stress, each defendant said above whom are responsible, directly for the classification or confinement in ten block my son and the operation of the institution plus safety of my son while incarcerated, each were reluctant to act reasonable or professionally in which ignited this civil action.

CLAIM ONE:

Paragraphs #1 through #9, incorporated by References.

Defendant's actions or inactions is causing claimant and her son deep grief, distress, anxiety and fright by being deliberant, indifferent to claimant's constitutional rights to be free from cruel and unusual punishment and unnecessary mental anguish, infliction of wanton, willful conduct by defendant in violation of United States Constitutional Amendment #8.

CLAIM TWO:

Paragraphs #1, through #9, incorporated by References.

Defendant's actions or inactions amounts to a discrimination of claimant's son by transferring white inmates out of M.C.I. Cedar Junction whether they (the inmates) pick up D reports or not but holding my son back from transfer in violation of United States Constitutional Amendment #14, equal treatment and protection of the laws.

CLAIM THREE:

Defendant's actions or inactions inflicted pain upon claimants with reckless disregard destitute of heed or concern for the exacerbating consequences of my son's illness (Lupus) while he, (my son) is in segregation in violation of the United States Constitution Amendment #8.

WHEREFORE:    Claimant prays for relief by awarding monetary compensation of $50.00 for claimant's imminent danger of serious physical injury inflicted by defendant's actions or inactions and $30.00 a day for each day claimant is involuntarily confined to ten block.

Claimant also seeks filing fees and attorney fees, exemplary punitive damages and court order allowing claimant's son his TV for G.E.D and stress relief and order defendants to reframe from confining claimant's son for long-term segregation due to Lupus illness.

Written and signed under the pains and penalty of perjury.

The Plaintiff
By her Attorney,

Dana Johnson, Esq.
P.O. Box 133
Malden, MA 02148
781-321-3762
BBO # 639119
December 31, 2003