UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
-------------------------------------
Lance 3X Hullum and,              )
Faye Hullum                       )
                                  )
          Plaintiff,              )
                                  )     Civil Action
     v.                           )     No. 04-10100-GAO
                                  )
Michael Maloney, ET AL.,          )
                                  )
          Defendants.             )
-------------------------------------
```

## DEFENDANTS ANSWER TO COMPLAINT

The Defendants, thus far served, answer plaintiff's complaint, paragraph by paragraph, as follows:

Complaint

The allegations contained in this paragraph are introductory in nature, not factual, and state conclusions of law which do not admit of a responsive pleading and, therefore, are denied.

Parties (the complaint does not contain numbered paragraphs in this section)

Admit.

Admit.

Deny. Aver that prior to November 24, 2003, Michael Maloney was the Commissioner of Correction but that effective November 24, 2003, Michael Maloney resigned as the Commissioner of Correction and is no longer employed by the Department of Correction.

Deny. Aver that Kathleen Dennehy was at all times relevant to the allegations in this complaint the Deputy Commissioner of Correction. Further aver that effective December 3, 2003, Kathleen Dennehy was appointed by Governor Romney as the Acting Commissioner of Correction and further aver that on March 16, 2004, Kathleen Dennehy was appointed by Governor Romney as the Commissioner of Correction.

Deny. Aver that prior to December 5, 2003, Peter Allen was the Superintendent of MCI-Cedar Junction, Walpole, Massachusetts. Further aver that on December 5, 2003, Mr. Allen was removed from that position by Acting Commissioner Kathleen Dennehy.

1

Admit that John Luongo, Jr., is now and at all times relevant to the allegations in the complaint, the Deputy Superintendent for Programs and Treatment, MCI-Cedar Junction, Walpole, Massachusetts.

Admit that Steven Silva, is now and at all times relevant to the allegations in the complaint, the Deputy Superintendent of Operations at MCI-Cedar Junction, Walpole, Massachusetts.

Admit that Edward Doolin is a Captain employed at MCI-Cedar Junction, Walpole, Massachusetts.

Statement of Facts

1. The allegations contained in this paragraph are not factual and state conclusions of law which do not admit of a responsive pleading and, therefore, are denied.

2. Deny.

3. Deny.

4. Deny.

5. Deny.

6. Deny.

7. Deny.

8. The allegations contained in this paragraph are not factual and state conclusions of law which do not admit of a responsive pleading and, therefore, are denied.

9. Without sufficient knowledge or information to admit or deny the allegations in this paragraph and, therefore, deny the same. In further responding, the allegations contained in this paragraph are not factual and state conclusions of law that do not admit of a responsive pleading and, therefore, are denied.

**Claims for Relief**

Defendants oppose each and every claim for relief listed in the paragraphs entitled CLAIM ONE, CLAIM TWO, CLAIM THREE and all subparagraphs contained therein and deny all incorporated allegations contained in this section.

**Prayers for Relief**

Defendants oppose each and every prayer for relief listed and deny all allegations contained in this section.

## JURY CLAIM

Defendants claim trial by jury on all issues so triable.

## GENERAL DENIAL

Any allegations in plaintiff's complaint not specifically admitted to in defendants' Answer are deemed to be denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted and therefore must be dismissed.

2. Defendants have at all times acted reasonably, within the scope of their official authority and discretion, and with the good faith belief that their actions were lawful and not in violation of any constitutional or statutory right of plaintiff in regard to all matters in the complaint.

3. Because of his own acts or omissions, the plaintiff is estopped from raising any of the claims on any of the matters alleged in the complaint.

4. Because of his own acts or omissions, the plaintiff has waived any of the claims he may have against defendants on any of the matters alleged in the complaint.

5. Plaintiff has failed to exhaust his available administrative remedies.

6. Defendants have qualified immunity from suit.

7. Plaintiff's action is insubstantial, frivolous, and not advanced in good faith, therefore, defendants should be awarded costs, expenses and interest as set forth in M.G.L. c. 231, §6F.

8. Defendants are not responsible for any injury suffered by plaintiff, if in fact any injury has occurred.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

*/s/ Joel J. Berner*
Joel J. Berner
Counsel
BBO # 550188
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110
(617) 727-3300, Ext. 140

Dated: 3/29/04